# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 774 | **DATE** | 9/17/2001 |
| **CASE TITLE** | USA vs. BOUIE CONSTRUCTION,et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Castle's motion to consolidate is denied without prejudice [5-1] to be renewed after the close of discovery and after decision of any dispositive motions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 18 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 10 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| TBK | courtroom deputy's initials | FOR DOCKETING  01 SEP 17 PM 5: 16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

SEP 18 2001

UNITED STATES OF AMERICA, for the use and benefit of )
CASTLE CONSTRUCTION CORPORATION, an Illinois )
Corporation, and CASTLE CONSTRUCTION )
CORPORATION, an Illinois Corporation )
)
      Plaintiffs )
)
)    **No. 01 C 0774**
    v. )    **Judge Guzmán**
)
BOUIE CONSTRUCTION, INC. AND NATIONAL FIRE )
INSURANCE COMPANY OF HARTFORD )
)
    **Defendants** )

SEP 18 2001

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Plaintiffs, UNITED STATES OF AMERICA for

the use and benefit of CASTLE CONSTRUCTION CORPORATION and CASTLE

CONSTRUCTION CORPORATION ("Castle"), motion to consolidate and reassign the present

case with Case No. 01 C 2993, United States of America for the use and benefit of Crouch-

Walker, et. al v. Bouie Construction, Inc., et. al pursuant to Rule 42 of the Federal Rules of Civil

Procedure and Northern District Local Rule 40.4. For the reasons set forth below, the motion is

denied without prejudice.

## FACTS

Crouch-Walker Corporation ("Crouch-Walker") and Castle are plaintiffs in separate

lawsuits against the Defendant Bouie Construction, Inc. Both cases stem from the same

construction project for work done at the National Veteran's Cemetery in Joliet, Illinois

10

("Cemetery") and both cases were filed pursuant to the Miller Act, 40 U.S.C. §§ 270(a) and 270(b).

On or about October 15, 1997, the United States of America, acting by the Department of Veterans Affairs; and Bouie, with the Small Business Administration, entered into a written contract, whereby Bouie ("the Prime Contractor") agreed to provide all labor, equipment, tools, materials, supervision, and other items necessary to perform the work under the construction project. On or about November 17, 1996, Bouie and Castle entered into a written subcontract whereby Castle was to provide labor and materials for the installation of structural steel, masonry, pumps, doors and other components of the project for the base contract price of $5,940,300.00. In addition, Castle provided extra labor and materials for the project in the amount of $369, 418.00.

After issuing multiple prior warnings and demands for assurance of performance, Bouie, on June 30, 2000, issued a notice of default termination to Castle under paragraph 20 of the subcontract. The bases for termination included Castle's failure to keep the project free and clear from bond claims by Castles' subcontractors, failure to perform work on a timely basis and/or failure to provide assurances of performance. On July 6, 2000, Bouie extended the cure deadline until the close of business on July 12, 2000, and again demanded Castle's cure and assurance of performance. On July 13, 2000, with Castle still having failed to discharge bond claims of Castles' subcontractors, and with Castle also having failed to cure the other defaults and/or failed to provide adequate assurance of performance, Bouie confirmed the finality of the termination. Bouie allegedly owes Castle $832, 275.30.

On or about February 23, 1998, Crouch-Walker entered into a written subcontract with Castle, whereby Crouch-Walker agreed to provide all labor, materials, equipment, tools, supervision, and other items necessary to "install" the masonry work outlined in the subcontract. Crouch-Walker performed all of its labor and materials, except as it was allegedly prevented from doing so by Castle, as required under the Crouch-Walker subcontract, but Castle has failed, and continues to fail, to pay $148, 724.17 due and owing to Crouch-Walker. Crouch-Walker has sued both Castle and Bouie under the Miller Act and alleges a breach of contract claim against Castle only.

Castle moves to consolidate the two cases, arguing that numerous common questions of law and fact predominate in both cases and in the interest of judicial economy they should be consolidated. Castle contends that both cases will require the court to address the common issue of law of which party breached the contract. Castle further points out that there is likely to be significant overlap in witnesses deposed and documents exchanged during discovery between all the parties.

Bouie objects to the proposed consolidation of the two cases arguing that the motion is premature in light of the fact that an answer had not yet been filed in the Crouch-Walker case. This argument is now moot in light of the fact that an answer was filed in the Crouch-Walker case on June 21, 2001. Bouie further argues that the case before this court, is a relatively complicated contract and bond dispute which requires resolution of the amounts owed , the costs subject to setoff, whether Bouie breached its contract with Castle when Castle was evicted, and whether Bouie is liable to Castle for the loss of anticipated profits or any special or consequential damages. Bouie claims that although the amount of Bouie's setoff is yet to be

3

liquidated, that setoff will substantially eliminate the amounts owed to Castle. Bouie has raised

as part of its affirmative defenses that Castle's lawsuit is premature under paragraph 20 of the

subcontract because Bouie has not yet completed the project or received final payment from the

owner.

## DISCUSSION

Rule 42(a), Fed. R. Civ. P., provides, in pertinent part, that:

> When actions involving a common question of law or fact are pending before
> the court, it may order a joint hearing or trial of any or all the matters in issue in
> the actions; it may order all the actions consolidated; and it may make such
> orders concerning the proceedings therein as may tend to avoid unnecessary
> costs or delay.

In applying this rule, courts which have discussed the issue of consolidation have

stressed that the purpose of joining actions is to promote convenience and judicial economy.

*Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-497, 53 S. Ct. 721, 727-28, 77 L. Ed.

1331 (1973). Consolidation of cases like the ones before the court will promote the aims of all

the partes, economize time and effort without circumscribing the opportunity for full litigation of

all relevant claims. As Castle has stated, it is the discretion of the court whether or not to

consolidate cases when there are common questions of law or fact. See *EEOC v. HBE*

*Corporation*, 135 F.3d 543, 550-51 (8th Cir. 1998).

The applicable Local Rule of the Northern District of Illinois is LR40.4, which provides

for the reassignment of cases as related. Under Local Rule 40.4(a), cases may be related if they

involve any one of the following conditions: (1) the same property; (2) similar issues of fact or

law; or (3) the same transaction or occurrence.... L.R. 40.4(a). Once relatedness has been

determined, the case or cases may be reassigned if all four of the following criteria are met: (1)

all cases are pending in this court; (2) reassignment will result in judicial economy; (3) reassignment will not cause a substantial delay; and (4) it is possible to dispose of all the cases in a single proceeding. L.R. 40.4(b). Bouie argues that while the cases are related they should not be consolidated under L.R. 40.4(b).

The present cases meets the requirements of L.R. 40.4(a) for relatedness. It is undisputed that both cases stem from the same construction project at the National's Veterans' Cemetery in Joliet and both cases involve monies due and owing on the project. Thus, elements (1) and (3) have been satisfied. It is unclear, however, whether both cases truly involve similar issues of fact or law (element 2) but more about this element later. Because L.R. 40.4(a) uses "or" between its elements the fact that elements (1) and (3) have been satisfied moves this Court into the reassignment analysis under L.R. 40.4(b).

The first requirement under L.R. 40.4(b) is that both cases must be pending in this Court. In the present case, both cases are pending in this court and both are proceeding relatively at the same pace, thereby satisfying the requirements under subsection (1) of LR 40.4(b). Plaintiff argues that both cases stem from a common transaction and occurrence, the contract for the cemetery project and the defendants' failure to pay. This is correct, but this is only important in considering whether the cases are related and does not bear on the decision as to whether or not consolidation is beneficial. Castle must show that consolidation will result in a substantial saving of judicial time and effort, not cause substantial delay, and it is possible to dispose of all the cases in a single proceedings. LR 40.4(b)(2)-(4).

As to the remaining considerations we find that Castle has not established that these factors will be satisfied if the cases are consolidated and reassigned. Bouie appears to have

several justifiable motives for wanting to keep the cases separate. To be sure, Crouch-Walker's subcontract with Castle contains a "pay when paid" clause. Castle argues that Crouch-Walker will have to prove either: (1) that Castle was paid by Bouie and is withholding payment from Crouch-Walker; or (2) that Castle is responsible for the termination of the Castle-Bouie subcontract through some type of improper conduct.

Both arguments raise concerns as to the resulting judicial economy and possible substantial delay in the Crouch-Walker case. If Crouch-Walker is indeed owed money, then Crouch-Walker will obtain that money faster by not getting bogged down in the Castle-Bouie case. Even though Bouie is a defendant in the Crouch-Walker case, Bouie has indicated that it would prefer to know how much it owes to Crouch-Walker in Case No. 01 C 2993 before Bouie goes to trial with Castle in this case. The separate and faster adjudication of the Crouch-Walker claim would benefit not only Crouch -Walker, and Bouie and National Fire, but should also benefit Castle and the Court–by not piling additional issues into the instant case. Moreover, Bouie correctly argues that the principle of collateral estoppel will eliminate the risk of conflicting findings of fact. Furthermore, Bouie's affirmative defenses raise issues as to liquidated damages attributable to Castle's inadequate performance as well as whether Castle's claim is substantially comprised of a loss of anticipated profits. One of Bouie's affirmative defenses to Castle's lawsuit is that the case is premature under paragraph 20 of the subcontract because Bouie has not completed the project and has not received final payment from the owner. This affirmative defense could substantially delay Crouch-Walker's recovery in its lawsuit and could subject Crouch-Walker to complex litigation. Because *Castle v. Bouie* primary turns on

the propriety of the alleged eviction and breach of contract we find that all the requirements of LR 40.4(b) have not been satisfied.

## CONCLUSION

For the reasons set forth above, Castle's motion to consolidate is denied without prejudice (#5-1) to be renewed after the close of discovery and after decision of any dispositive motions.

SO ORDERED: 9/17/01          ENTER:

JUDGE RONALD A. GUZMAN
United States Judge